# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-220J |
| | ) | Judge Gibson |
| GERALD ROZUM, *et al.*, | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 40) be granted in part and denied in part.

### II. REPORT

This is a prisoner civil rights suit filed pursuant to 42 U.S.C. § 1983 by Carl Whitehead, an inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania. Plaintiff raises numerous allegations of unconstitutional conduct by Defendants that will be discussed below in the order they are addressed in Defendants' Motion to Dismiss (Doc. 40).

#### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009). If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

### B. Analysis

#### 1. Loss of Prison Job.

Defendants move to dismiss Plaintiff's claim that he was denied due process when he was fired from his prison job because Plaintiff has no constitutionally protectable interest in maintaining prison employment. Plaintiff concedes that Defendants are correct (Doc. 52, ¶ 4). The motion to dismiss should be granted in this respect. See, Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) ("We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause."); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (recognizing that inmates have no constitutional right to be assigned a particular job; an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the fourteenth amendment); Ayers v. Campbell, 267 Fed. Appx. 176, 177 (3d Cir. 2008) ("due process violations are neither triggered by the loss of a prison job, nor by the loss of the possibility for parole") (citations omitted); Fidtler v. Pa Dept. of Corrections, 55 Fed.Appx. 33, 35 (3d Cir. 2002) ("we have held that a state inmate does not have a liberty or property interest in prison employment").

Plaintiff argues in his brief, however, that he is asserting that he was denied his prison employment "in retaliation for protected activity under the First Amendment" (Doc. 52, p.2).

The Court has reviewed the Complaint and cannot find any such allegation, but it does not appear that an amendment to the Complaint to include such a claim would be futile. Plaintiff should be permitted to amend his Complaint to add factual allegations concerning his claim that Defendants terminated him from his prison employment in retaliation for protected conduct.

### 2. Verbal threats.

Plaintiff makes several allegations that he was "threatened" and "pressured" to stop pursuing his appeal concerning his removal from his prison job. Allegations of verbal threats, unaccompanied by any allegation of physical injury, do not state a Section 1983 claim. See Burkholder v. Newton, 116 Fed. Appx. 358, 360 (3d Cir. 2004). The motion to dismiss should be granted in this respect.

### 3. Eighth Amendment claim – Restricted Housing Unit.

Plaintiff alleges that he was subjected to false misconduct reports and sanctioned with "30 days in Disciplinary Custody" in the Restricted Housing Unit ("RHU") (Doc. 3, ¶¶ 36-39). Defendants move to dismiss Plaintiff's claim to the extent that he asserts that placement in the RHU violated the Eighth Amendment's prohibition against cruel and unusual punishment. In this respect, Plaintiff must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Mere placement in segregated confinement, without more, does not violate the Eighth Amendment. "[S]egregated confinement in solitary or maximum security is not per se banned by the Eighth Amendment." Clifton v. Robinson, 500 F.Supp. 30, 34 (E. D.Pa. 1980) (quoting Burns v. Swenson, 430 F.2d 771, 777 (8th Cir. 1979)). Further, "'isolation from companionship, restriction on intellectual stimulation and prolonged inactivity, inescapable accompaniments of segregated confinement, will not

render [solitary] confinement unconstitutional absent other illegitimate deprivations.'" In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999) (quoting Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir. 1975)) (en banc). Here, there is no allegation in the Complaint which can be seen as alleging that Whitehead was denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. Hence, Plaintiff's Eighth Amendment claim should be dismissed.

**4. Due Process Claims.**

Defendants also seek to dismiss Plaintiff's claim that the time he spent in the RHU violated due process. Plaintiff's burden is to plead facts from which the Court can determine that he had a protected liberty interest impaired by the Defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). Once the Court determines that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. Morrissey, 408 U.S. at 481.

In this case, Plaintiff has alleged a period of "pre-hearing confinement" followed by 30 days disciplinary custody as a result of misconduct proceedings (Doc. 3, ¶¶ 36-37). A brief period of administrative custody is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" sufficient to give rise to a liberty interest. Sandin v. Conner, 515 U.S. 472, 483 (1995). In fact, periods of administrative custody as long as fifteen months are insufficient to state a claim based upon the denial of a protected liberty interest. See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (fifteen months in administrative custody "did not deprive [plaintiff] of a liberty interest"); Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2003) (seven months custody not atypical hardship). Plaintiff has not alleged a facially plausible claim that he was placed in disciplinary custody for a period of time that warrants due

process protection in the prison context, and the motion to dismiss his due process claim should be granted.

Plaintiff notes, however, that he also has alleged that the misconduct proceedings were undertaken in retaliation for protected activity (Doc. 52, ¶ 6). Defendants do not move to dismiss Plaintiff's claim that Defendants Barbarich and Pecze retaliated against him when they filed misconduct reports (Doc. 3, ¶ 40). This claim, therefore, survives Defendants' motion.

### 5. Denial or destruction of property.

Defendants next seek to dismiss Plaintiff's claim that he was denied due process when items of personal property were damaged or destroyed (Doc. 3, ¶¶ 41-42, 45, 50). Plaintiff's rights under the Due Process Clause in the context of a seizure or destruction of personal property are limited to a claim that no adequate post-deprivation remedy exists. Hudson v. Farmer, 468 U.S. 517, 533 (1984). The Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections' grievance procedure "provides an adequate post-deprivation remedy" for purposes of due process. Durham v. Department of Corrections, 173 Fed.Appx. 154, 157 (3d Cir. 2006). The motion to dismiss should be granted in this respect.

### 6. Fifth and Sixth Amendment Claims.

Plaintiff concedes that he cannot state claims under the Fifth Amendment (Doc. 52, ¶ 11) or the Sixth Amendment (Doc. 52, ¶ 13). Accordingly, the motion to dismiss should be granted with respect to these claims.

### 7. Access to the Courts.

Defendants move to dismiss any claim Plaintiff is making for a denial of access to the courts on the basis that Plaintiff has failed to identify any prejudice arising from the alleged loss of legal documents. In this respect, Plaintiff must identify the underlying basis of the action that

he alleges was impeded in order to state a claim for denial of access to the courts. Lewis v. Casey, 518 U.S. 343, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). In Christopher, the Supreme Court explicitly held that a plaintiff must identify a non-frivolous claim that was actually impacted by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416.

Plaintiff argues in his response to the motion to dismiss that he suffered injury in that the United States Court of Appeals for the Third Circuit denied him a certificate of appealability because two unidentified officers stole "documents" from him (Doc. 52, ¶ 12). There are, however, no allegations in the Complaint concerning this alleged loss of a legal remedy. Further, Plaintiff does not identify the documents that were allegedly taken, nor does he indicate why those documents would have ensured his success on appeal. Plaintiff has failed to state a facially plausible claim for denial of access to the courts, but it is not clear that Plaintiff would be unable to amend his Complaint to state such a claim. The motion to dismiss should be granted without prejudice to Plaintiff's right to amend his Complaint to include factual allegations concerning the nature of the documents seized and of the remedy he allegedly was denied.

    **8.**    **Conspiracy.**

To state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege that "racial, or otherwise class-based, invidiously discriminatory animus lay behind the defendants' actions," and must "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott v. Abramsen, 200 Fed. Appx. 163, 165 (3d Cir. 2006); see also Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). "[M]ere conclusory allegations of

deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). It is imperative, therefore, for Plaintiff to "set forth facts from which a conspiratorial agreement between the defendants can be inferred." Parrott, 200 Fed.Appx. at 165 (citing Forbes v. Reno, 893 F.Supp. 476, 483 (W.D.Pa. 1995), aff'd, 91 F.3d 123 (3d Cir. 1996)) (table). Plaintiff makes only the most bare of allegations concerning the existence of a conspiracy in this case, and has not set forth a facially plausible conspiracy claim. Defendants' motion to dismiss should be granted in this respect.

### 9. Failure to intervene.

Plaintiff alleges that, on March 18, 2009, three unidentified officers "slammed" his head against the wall, and then "twisted" his hand causing his handcuffs to cut off circulation to his wrist (Doc. 3, ¶ 43). Another officer "yanked Plaintiff's boxer shorts up his buttocks" and forced Plaintiff to walk barefoot while "forcing Plaintiff's head toward the ground making it difficult for Plaintiff to walk as ordered" (Id.). Defendant Hayward is said to have been present during the incident, but "did nothing" (Id.).

"[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3rd Cir. 2002). Defendant Hayward moves to dismiss on the basis that Plaintiff has not alleged a facially plausible claim that he had any opportunity to intervene in the alleged assault. Plaintiff's allegations, however, are sufficient to give rise to an inference that the alleged improper force occurred over a period of time sufficient to permit Hayward to have intervened. The motion to dismiss should be denied in this respect.

### 10. Denial of medical care.

Plaintiff alleges that Defendant Kline, a prison nurse, denied him treatment for his "swollen wrists" and bruises arising from the alleged excessive force incident of March 18, 2009 (Doc. 3, ¶ 44; Doc. 52, ¶ 17). A denial of medical treatment violates the Eighth Amendment only when it results in "an unnecessary and wanton infliction of pain" or is "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-106 (1978). "[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105. Recently, the Court of Appeals for the Third Circuit noted that a "serious" medical condition sufficient to support an Eighth Amendment claim is one "such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Tsakonas v. Cicchi, 308 Fed.Appx. 628, 632 (3d Cir. 2009), quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). The refusal to dispense "bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not by its refusal violate the Constitution." Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996). Plaintiff's allegation that his wrists were "swollen" and bruised does not state a facially plausible claim that he was suffering from a serious medical condition, and his claim against Defendant Kline should be dismissed.

### 11. Personal involvement of supervisory personnel.

Several of the moving Defendants assert that Plaintiff has failed to allege their personal involvement in any constitutional violation, and, further, that Plaintiff has failed to allege facts sufficient to hold them liable is a supervisory capacity. Supervisory liability may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be

alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Defendants Wright, Putnam and Hillagross move to dismiss on the basis that there are no allegations that they were involved in any of the alleged constitutional deprivations. Plaintiff makes no argument in response to the motion to dismiss concerning these Defendants. Defendants Wright, Putnam and Hillagross should be dismissed from this case.

Plaintiff's allegations against Defendants Rozum, Gibson, Griffin, Gehlman and Mark involve their handling of grievances and appeals from the denial of grievances (Doc. 3, ¶¶ 42, 49, 54, 58-61, 63-64, 66-67).[1] This simply is not sufficient to establish supervisory liability under Section 1983. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. 2006) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D. Pa. 1997) (concurrence in an administrative appeal process is insufficient to establish personal involvement). The motion to dismiss should be granted with respect to all claims against Defendants Wright, Putnam, Hillagross, Rozum, Gibson, Griffin, Gehlman and Mark.

---

[1] The only exceptions are Plaintiff's allegations that Defendants Rozum and Griffin encouraged the verbal threats made to Plaintiff by other prison personnel (Doc. 3, ¶¶ 34-35). The undersigned has already recommended dismissing Plaintiff's claims concerning verbal threats for the reasons set forth above, leaving only claims that Rozum and Griffin were involved in grievance appeals.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 40) be granted in part and denied in part as set forth above, without prejudice to Plaintiff's right to amend his Complaint as indicated.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation shall be filed on or before September 13, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 31, 2010                       s/Cathy Bissoon
                                                   CATHY BISSOON
                                                   UNITED STATE MAGISTRATE JUDGE

**Cc:**
**CARL WHITEHEAD**
EK-5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510