# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-220J |
| ) | Judge Gibson |
| GERAL ROZUM, *et al*., ) | Magistrate Judge Bissoon |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's motions for preliminary injunctive relief (Docs. 88 and 104).

### II. REPORT

Carl Whitehead ("Plaintiff") presently is incarcerated at the Green Rock Correctional Center in Chatham, Virginia. Plaintiff filed an Amended Complaint wherein he alleged a litany of constitutional deprivations and sued 29 persons pursuant to 42 U.S.C. § 1983. (Doc. 79) Defendants have filed a Partial Motion to Dismiss (Doc. 106). This motion is awaiting disposition.

Before this Court are Plaintiff's Emergency Motion for Temporary Restraining Order and Injunction (Doc. 88), and his Motion for Preliminary Injunctive Relief Hearing (Doc. 104). Both of these filings complain of events connected to Plaintiff's transfer from SCI-Somerset, located in, Pennsylvania, to Green Rock Correctional Center in January of 2011. See, generally, id. The allegations raised in these motions do not relate to any made in his amended complaint (Doc. 79).

1

It is well recognized that a preliminary injunction is an "'extraordinary remedy,' and the party seeking it must show: '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, No 10-1419, 2010 WL 3920527, at *1 (3d Cir. Oct. 07, 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). Additionally, it is not enough for any harm suffered by Plaintiff to be merely irreparable, it also must be immediate. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90 – 91.

As an initial matter, this Court notes that the lack of a factual nexus between the allegations in the motions for injunctive relief and the complaint precludes the grant of Plaintiff's motions for injunctive relief. See e.g. Piskanin v. Rendell, 2007 WL 4554258, at *1 (W.D.Pa. Dec. 19, 2007) (citing cases). For this reason alone, Plaintiff's motion should be denied.

Additionally, even if it were proper to consider the merits of this motion, it is clear that Plaintiff cannot succeed under the above standard. Prison officials must be given a high level of deference by the courts with respect to the day-to-day operation of their facilities. See Tilley v. Allegheny Cnty. Jail, No. 09-299, 2010 WL 1664900, at *5 (W.D.Pa. Feb. 18, 2010) (internal citations omitted). The decision of whether to transfer an inmate between institutions clearly falls within their discretion, and the courts should not interfere. Furthermore, it is well established that the Constitution does not confer any right upon a prisoner to any custody or

security classification. Victor v. Lawler, No. 3:08-CV-1374, 2011 WL 1107013, at *6 (M.D.Pa. Feb. 24, 2011) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Given this legal impediment to any claim based upon his transfer to Green Rock Correctional Center, Plaintiff is unable to demonstrate a likelihood of success. For this additional reason, his motions for preliminary injunctive relief should be denied.

### III. CONCLUSION

For all of the reasons stated above, it is respectfully recommended that Plaintiff's motions for preliminary injunctive relief (Docs. 88 and 104).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this order must be filed by July 22, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

July 8, 2011                                              s/Cathy Bissoon
                                                          CATHY BISSOON
                                                          UNITED STATES MAGISTRATE JUDGE

**cc:**

**CARL WHITEHEAD**
1439587
Green Rock Correctional Center
P.O. Box 1000
Chatham, VA 24531